992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry H. MITCHELL; June M. Mitchell, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70706.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided April 29, 1993.
 
 Before WALLACE, Chief Judge, and O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harry H. Mitchell and June M. Mitchell, husband and wife, appeal the tax court's judgment following a trial in which the tax court upheld the Commissioner's deficiency determinations for the Mitchells' 1973, 1976, and 1980 tax returns. The tax court found that: (1) Mr. Mitchell's purchase of a stock warrant was a nondeductible capital expenditure, not a deductible business expense, under 26 U.S.C. § 162; (2) He was required to recognize a gain upon his transfer of the stock warrant, in accordance with 26 U.S.C. § 83; and (3) He was not permitted to exclude from income damages that he received from his former employer, under 26 U.S.C. § 104. (A fourth determination concerning net operating losses was not appealed.)
 
 
 3
 The Mitchells' appeal essentially contests the tax court's factual findings. Although we do review issues of law de novo, we review factual determinations, and inferences from those facts, for clear error. See Vukasovich, Inc. v. Commissioner, 790 F.2d 1409, 1411-13 (9th Cir.1986). We have carefully reviewed the record and the tax court determination, and we affirm for the reasons set forth in that court's memorandum decision filed December 6, 1990, 60 T.C.M. (CCH) 1368 (1990).
 
 
 4
 The Mitchells now also assert that the 1976 exchange was a nontaxable reorganization under 26 U.S.C. §§ 354 and 368. The tax court did not reach that issue. We agree with the Commissioner that the Mitchells waived the issue on appeal by not effectively raising the issue in the tax court. It was not mentioned in their petitions or at the trial itself. In their opening brief following the trial, the Mitchells alluded to the fact that the transaction "could have been" a tax free exchange, but said that they were not going to discuss the question. That two sentence allusion was in the midst of a 96 page brief. Then in their simultaneous reply brief they did decide to devote nine pages to a discussion of the issue.
 
 
 5
 The tax court will not consider an issue which is raised for the first time in a brief, if surprise or prejudice is found to exist. E.g., Seligman v. Commissioner, 84 T.C. 191, 198 (1985), aff'd, 796 F.2d 116 (5th Cir.1986). It is apparent that surprise and prejudice do exist where a party has eschewed presentation of an argument on an arcane issue like corporate reorganization, and then springs that argument on the other side in a reply brief. The taxpayers respond to this by pointing to some passing references in a letter sent to the Commissioner five years before the trial started. Given the posture of this case, we do not doubt that the tax court failed to address the issue because it deemed it waived. We therefore decline to consider it. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.) (failure to raise issue in district court waived issue on appeal), cert. dismissed, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3